PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALONZO DEAN SHEPHARD, ) | |
| ) | CASE NO. 4:19CV1051 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| C.O. ALINET, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** [Resolving ECF No. 1] |

*Pro se* Plaintiff Alonzo Dean Shephard, a state prisoner currently incarcerated at Richland Correctional Institution,[1] filed a civil rights action in the Southern District of New York against sixteen named defendants. ECF No. 2. Instead of paying the filing fee, Plaintiff filed a motion to proceed *in forma pauperis*. ECF No. 1. The District Court for the Southern District of New York transferred the action to the Northern District of Ohio, Eastern Division on the basis that Plaintiff's "difficult-to-understand complaint" pertains to "conditions of confinement at [the] Northeast Ohio Correctional Center" in Youngstown. ECF No. 4 at PageID #: 50.

A prisoner may not proceed *in forma pauperis* if the prisoner, on three or more prior occasions while incarcerated, brought a civil action that was dismissed on the grounds that it was

---

[1] Ohio Department of Rehabilitation and Correction Offender Search Detail, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A275900 (last visited Sept. 3, 2019).

(4:19CV1051)

frivolous, malicious, or failed to state a claim on which relief could be granted, absent allegations suggesting that he is in imminent danger of serious injury. 28 U.S.C. § 1915(g). Plaintiff is a well-known frivolous filer in federal court who has accumulated over three strikes under 28 U.S.C. § 1915(g). *See, e.g.*, *Shephard v. Deskins*, No. 1:16-CV-2636, slip op. at 2 (N.D. Ohio Jan. 27, 2017) (listing cases).

Although Plaintiff asserts "imminent danger" in various places in his virtually incomprehensible 38-page Complaint (*e.g.*, ECF No. 2 at PageID #: 9, 12, 22), as in previous *in forma pauperis* cases he has filed in federal court, he has not asserted cogent facts in his Complaint supporting this assertion. Allegations that are "conclusory or ridiculous" are insufficient to warrant application of the imminent danger exception to the three-strikes rule. *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied. ECF No. 1. The Court dismisses Plaintiff's Complaint without prejudice, in accordance with 28 U.S.C. § 1915(g). ECF No. 2. If Plaintiff wishes to proceed with this case, he must, within 30 days of the date of this order, pay the full filing fee of $400.00 and a file a motion to reopen. The Clerk's Office is directed not to accept any motion to reopen, or any additional documents for filing in this case, unless the full filing fee is paid. If Plaintiff does not pay the full filing fee within 30 days, this case will be dismissed with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

(4:19CV1051)

could not be taken in good faith.

    IT IS SO ORDERED.

 September 16, 2019                   */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                                   United States District Judge